IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE (R.A.),

    **Plaintiff,**

vs.

BEST WESTERN INTERNATIONAL, INC., *et al.*,

    **Defendants.**

Case No. 2:23-cv-3459

Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order (ECF No. 70) and Defendant Best Western International, Inc.'s ("BWI") Motion for Entry of a Protective Order (ECF No. 71). For the reasons below, Plaintiff's Motion (ECF No. 70) is **GRANTED** and Defendant BWI's Motion (ECF No. 71) is **DENIED**.

## INTRODUCTION

This case is one of several currently pending in this Court brought under the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595(a), by a sex trafficking survivor. This particular Plaintiff, R.A., alleges she was trafficked at Defendants' various hotels in the Columbus, Ohio area from approximately February 2012 to October 2013. (ECF No. 11 ¶¶ 22–25.) According to the Amended Complaint, Defendants knew that sex trafficking occurred frequently on their properties and failed to prevent it. (*Id.* at ¶¶ 49–86, 102–117.) Plaintiff also asserts that Defendants knew or should have known of the trafficking alleged here. (*Id.*) The Court has extensively analyzed the issues of civil liability in several of the

pending cases in denying motions to dismiss. *See M.A. v. Wyndham Hotels & Resorts, Inc.*, No. 2:19-cv-849, 2019 WL 4929297 (S.D. Ohio Oct. 7, 2019); *H.H. v. G6 Hospitality, LLC*, No. 2:19-cv-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, 2:19-cv-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020). Further, Orders similar to the Plaintiff's requested Order have been entered in some of the other pending cases.[1] With this background in mind, the Court considers the current Motions.

## STANDARD OF REVIEW

The burden of establishing good cause for a protective order rests with the movant. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)). To establish good cause, the movant must articulate "specific facts" showing the risk of a "clearly defined and serious injury." *Id*. Under Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense. . . ." Fed. R. Civ. P. 26(c)(1).

Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550–551 (6th Cir. 2004) ("If [the movant's] unsubstantiated fears of prejudice justified a protective order, such orders would be justified in virtually every case . . . ."). The decision to grant or deny a motion for protective order "falls within the broad discretion of the district court managing the case." *Century Prod., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988). "Rule 26(c) confers broad discretion on the trial court to decide when a

---

[1] *A.M. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:22-cv-3797 (ECF No. 92); *C.C. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:22-cv-3799 (ECF No. 100); *S.R. v. Wyndham Hotel & Resorts, Inc., et al*, No. 2:23-cv-1731 (ECF No. 70); *G.M. v. Choice Hotels International, Inc. et al*, No. 2:22-cv-37788 (ECF No. 112).

protective order is appropriate and what degree of protection is required . . . . The trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Federal Rule of Civil Procedure 26(c)(1) requires a party moving for a protective order to include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). The Court is satisfied that the parties met this prerequisite.

## ANALYSIS

Defendant BWI only objects to the Non-Disclosure Agreement ("NDA") provision of Plaintiff's proposed protective order relating to disclosure of Plaintiff's True Identity.[2] (ECF No. 71 PageID 1156.)

Plaintiff proposes the following provision:

> 11. Prior to any disclosure of any information related to Plaintiff's True Identity to any person referred to in subparagraphs 8(c), 8(d), 8(f), 8(g) or 8(h) above, such person shall be provide by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non- Disclosure [sic] Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

("NDA Provision") (ECF No. 71-1 PageID 1123–24.) Plaintiff argues that an "order limiting disclosure of Plaintiff's True Identity would 'be rendered practically meaningless' without a provision requiring individuals receiving information to sign an Acknowledgment." (ECF No. 70 PageID 1110, citing *S. Y. v. Jay Varahimata Invs., LLC.*, No. 2:20-CV-606, 2021 WL

---

[2] Defendant BWI is the only Defendant to file a proposed protective order or contest Plaintiff's proposed protective order. Plaintiff's True Identity is defined in Plaintiff's Motion. (ECF 70 PageID 1102.)

3117117, at *13 (M.D. Fla. June 11, 2021).) Plaintiff contends that without the NDA Provision, there would be no "enforceable obligation" to protect Plaintiff's True Identity and this "would create an unwarranted risk of further dissemination of highly sensitive and deeply personal information that, if spread, would subject R. A. to mental distress and an increased risk of stigma and represent a danger to R. A. and her family." (*Id.* PageID 1110.) Plaintiff further notes that the proposed NDA is exactly the same as the NDA required before Defendants' Confidential documents can be disclosed. (*Id.*) Finally, Plaintiff argues that this NDA Provision will not impose an unreasonable burden on Defendants, and any "incidental" burden is outweighed by Plaintiff's "legitimate and important privacy and safety interests." (*Id.* PageID 1110–11.) In support, Plaintiff cites to various TVPRA cases wherein courts allowed similar NDA requirements.[3] (*Id.*)

Defendant BWI counters that the Court has rejected a similar provision in *A.C. v. Wyndham Hotels & Resorts, Inc.*, Case No. 2:19-cv-04965 at ECF No. 86, p. 5 (S.D. Ohio Sept. 8, 2020). (ECF No. 71 PageID 1156.) Defendant BWI argues that "the need for Defendants to engage in investigation and fact discovery far outweighs Plaintiff's speculative fear of disseminating her True Identity to her traffickers." (*Id.*) Finally, Defendant BWI contends that this NDA Provision would be unduly burdensome. (*Id.*)

The Court finds that Plaintiff has demonstrated good cause for the proposed protective order. Plaintiff's NDA Provision is "commonplace in cases involving plaintiffs who are proceeding anonymously due to the sensitive subject matter of the litigation." *A.D.*, 2020 WL 8639346, at *2; *see also J.C.*, 2021 WL 1146406, at *6 (collecting cases). "Both an order

---

[3] *S. Y.*, 2021 WL 3117117; *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2021 WL 1146406, at *6 (N.D. Cal. Mar. 4, 2021); *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19CV120, 2020 WL 8639346, at *2 (E.D. Va. Sept. 21, 2020).

4

permitting Plaintiff to proceed anonymously and a protective order limiting the disclosure of Plaintiff's identifying information would be rendered practically meaningless if other fact witnesses are not required to or do not agree to be bound by the protective order." *S. Y.*, 2021 WL 3117117, at *13.

While Defendant BWI correctly points out the Court rejected a similar provision in *A.C.*, No. 2:19-cv-04965, it does not explain how in this case Plaintiff failed to "articulate the need for potential fact witnesses to execute a Non-Disclosure Agreement before Defendants can disclose and discuss Plaintiff's True Identity." (ECF No. 71 PageID 1156.) In *A.C.*, Plaintiff included a similar NDA provision in the proposed order without any explanation in their motion. *A.C.*, No. 2:19-cv-04965 (ECF No. 62-1). In contrast, here, Plaintiff has articulated why the NDA Provision is necessary. Further, Defendant BWI does not distinguish the cases Plaintiff cited in support of their protective order. Accordingly, Plaintiff has demonstrated good cause for their protective order.

## CONCLUSION

Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order (ECF No. 70) is **GRANTED**. Defendant BWI's Motion for Entry of a Protective Order (ECF No. 71) is **DENIED**. Plaintiff is **DIRECTED** to submit the protective order in Word format to the Chambers mailbox, Deavers_chambers@ohsd.uscourts.gov, for signature and filing by the Court within **SEVEN DAYS**.

IT IS SO ORDERED.

DATED: October 16, 2024

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**